# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MARVIN SPENCER,                                    Case No. 17-cv-5220 (WMW/KMM)

        Plaintiff,

v.

JOEL BROTT, SHERIFF; DR. TODD
LEONARD, PHYSICIAN; MICHELL
SKROCH, BSN/CCHD; GWEN
BLOSSOM ENGLAND, CNP, RN; DR.
DIANA VANDERBEEK, ASSISTANT
PHYSICIAN; CAPT. TOM ZERWAS;
SGT. ARIC HANSON, Badge #3401;
SGT REBECCA BEAL, Badge # 3418;
SGT. TRAVIS LINDSTROM, Badge # ;       **ORDER**
SGT BRAD BOHN, Badge #3419; C/O
JIM ROURKE, Badge # 3341; C/O
ANNE HERBST, Badge #3473; C/O
JOHNNIE GILBERT Badge #; C/O
LISA SHORE, Badge # 2163; C/O
JOSHUA JESBERG, Badge #3304; C/O
CATHERINE KOCH, Badge #2145;
C/O OLUWASEUN JIBOWU, Badge
#3397; C/O DENISE COOK; TAMMY
BOROS, Badge #; NICHOLAS SIMON,
Badge #3384; C/O LOGAN BARRETT,
Badge #3305; C/O YVONNE ADAMS,
Badge #1757; C/O AMY KAHLER,
Badge #1901; C/O DAN WORBER,
Badge #3360; C/O LAURA
HOMQUIST, Badge # 1719; C/O LORI
BENNETT, Badge #1409; C/O

CHRISTOPHER HANSEN, Badge #1074; C/O THERESA KLINGE, Badge #; JENNIE R. THOMPSON, RN; ALYSSA PFEIFER, RN; MINDI JOHNSON, CMA; BRIONY BOHN, LPN; CASSANDRA JAMES, RN; KAYLA HERTENSTEIN, RN,

            Defendants.

---

On November 27, 2017, Plaintiff Marvin Spencer -- a prisoner in West Virginia-- filed the Complaint in this case alleging that he lost sight in his left eye due to medical indifference by jail officials at Sherburne County Jail. He did not pay any filing fee, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. Mr. Spencer's IFP application is now before the Court and must be addressed before any other action is taken in this matter.

Before Mr. Spencer's Complaint was docketed, initiating this proceeding, he had filed another case on November 6, 2017, raising similar claims against a smaller group of defendants. The complaint in that case concerned injuries to his toes due to medical indifference in the treatment of diabetes while at Sherburne County Jail. *See* Case No. 17-cv-5035 (DSD/TNL). Mr. Spencer has since paid a substantial portion ($319.72) of the $350 filing fee in that proceeding. Case No. 17-cv-5035 (DSD/TNL), ECF Nos. 5-7, 9, 11. On November 13, 2017, two weeks before this case was opened, Magistrate Judge Tony Leung issued an Order indicating that

2

Mr. Spencer should consider amending his complaint (Case No. 17-cv-5035, ECF No. 3 at 3 n.2), and he was later ordered to file an amended complaint due to deficiencies in his pleading and advised that he may want to combine both proceedings to avoid payment of two filing fees (Case No. 17-cv-5035, ECF No. 8). On February 27, 2018, Judge Leung recommended that Mr. Spencer's first case be dismissed without prejudice because he did not file an amended complaint (Case No. 17-cv-5035, ECF No. 10), and United States District Judge David S. Doty adopted that recommendation on March 21, 2018 (Case No. 17-cv-5035, ECF No. 13).

Having reviewed the record in both cases, it appears to this Court that Mr. Spencer likely intended the initial Complaint in this action to have been filed in response to Judge Leung's November 13, 2017 Order's suggestion that he file an amended pleading. His claims in both cases arise from injuries he attributes to medical indifference by Sherburne County jail officials during his time at that facility. Although his initial Complaint here adds allegations concerning loss of his eyesight, exhibits attached to both pleadings discuss injures to his toes. Mr. Spencer also checked a box that he had not filed "other lawsuits" in federal court dealing with the same facts involved in this action, suggesting that he did not intend this Complaint to start a separate proceeding, but viewed it as an extension of his earlier case.

The Court finds that the purpose of the Prison Litigation Reform Act—to require prisoner-litigants to pay filing fees in full—would not be furthered by assuming that Mr. Spencer intended to start two separate actions. *Ashley v. Dilworth*,

147 F.3d 715, 716 (8th Cir. 1998) (discussing the purpose of the Prison Litigation Reform Act). In light of the unique procedural posture of this proceeding and the history of his earlier case, the Court concludes that Mr. Spencer's IFP application in this case should be granted and the deposits received in Case No. 17-cv-5035 should be applied toward the $350 filing fee here. Because Mr. Spencer has already paid $319.72 toward the statutory filing fee, the unpaid balance applicable to this proceeding is $30.28.

Because IFP status is being granted, Mr. Spencer is entitled to have all Defendants in this action served by the United States Marshal. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Marshal service cannot be accomplished at this time, however, because Mr. Spencer has not submitted the documentation needed for service of process. To cure this deficiency, Mr. Spencer must submit a properly completed Marshal Service Form (Form USM-285) for each Defendant. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (noting that it is the pro se plaintiff's "responsibility to provide proper addresses for service on [the defendants]"). If Mr. Spencer does not satisfy this requirement within the next thirty days, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b). If Mr. Spencer does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Mr. Spencer's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2] is GRANTED.

2. The unpaid balance of the statutory filing fee for this action is $30.28. Mr. Spencer must pay the unpaid balance of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Mr. Spencer is confined.

3. Within 30 days after the date of this Order, Mr. Spencer must submit a properly completed Marshal Service Form (USM-285) for each Defendant, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

4. If Mr. Spencer complies with the requirements of this Order in a timely manner, a summons shall be issued, and the U.S. Marshal shall effect service of process on each Defendant for whom a properly completed Marshal Service Form is submitted.

5. A copy of this Order shall be served together with the summons and Mr. Spencer's Complaint, so the Defendants will be apprised of their obligations to file a responsive pleading.

6. Each Defendant on whom service of process is properly effected shall file a response to Mr. Spencer's Complaint.

Dated: March 22, 2018         *s/Katherine Menendez*
                              KATE M. MENENDEZ
                              United States Magistrate Judge