UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARVIN SPENCER,                                    Case No. 17-cv-5035 (DSD/TNL)

      Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELL SKROCH,
BSIU/CCHD Nursing Dir.; GWEN BLOSSOM
ENGLAND, CNP, RN; DR. DIANA
VANDERBEEK, Assistant Physician; CAPT.
TOM ZERWAS; SGT. TRAVIS LINDSTROM;
SGT. BRAD BOHN, Badge #3419; C/O JIM
ROURKE, Badge #3341; C/O ANNE HERBST,
Badge #3473; C/O JOHNNIE GILBERT; C/O
LISA SHORE, Badge #2163; C/O JOSHUA
JESBERG, Badge #3304; C/O CATHERINE
KOCH, Badge #2145; C/O OLUWASEUN
JIBOWU, Badge #3397; C/O DENISE COOK;
C/O TAMMY BOROS; C/O NICHOLAS
SIMON, Badge #3384; C/O LOGAN BARRETT,
Badge #3305; C/O YVONNE ADAMS, Badge
#1757; C/O AMY KAHLER, Badge #1901; C/O
DAN WORBER, Badge #3360; C/O LAURA
HOLMQUIST, Badge #1719; and C/O LORI
BENNETT, Badge #1409,

      Defendants.

---

MARVIN SPENCER,                                    Case No. 17-cv-5220 (DSD/TNL)

      Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD
LEONARD, Physician; MICHELL SKROCH,
BSIU/CCHD Nursing Dir.; GWEN BLOSSOM
ENGLAND, CNP, RN; DR. DIANA
VANDERBEEK, Assistant Physician; CAPT.
TOM ZERWAS; SGT. ARIC HANSON, Badge

1

#3401; SGT. REBECCA BEAL, Badge #3418;
SGT. TRAVIS LINDSTROM, Badge #; SGT.
BRAD BOHN, Badge #3419; C/O JIM
ROURKE, Badge #3341; C/O ANNE HERBST,
Badge #3473; C/O JOHNNIE GILBERT, Badge
#; C/O LISA SHORE, Badge #2163; C/O
JOSHUA JESBERG, Badge #3304; C/O
CATHERINE KOCH, Badge #2145; C/O
OLUWASEUN JIBOWU, Badge #3397; C/O
DENISE COOK; C/O TAMMY BOROS, Badge
#; C/O NICHOLAS SIMON, Badge #3384; C/O
LOGAN BARRETT, Badge #3305; C/O
YVONNE ADAMS, Badge #1757; C/O AMY
KAHLER, Badge #1901; C/O DAN WORBER,
Badge #3360; C/O LAURA HOLMQUIST,
Badge #1719; C/O LORI BENNETT, Badge
#1409; C/O CHRISTOPHER HANSEN, Badge
#1074; C/O THERESA KLINGE, Badge #;
JENNIE R. THOMPSON, RN; GWENDOLYN
BLOSSOM ENGLAND, RN; ALYSSA
PFEIFER, RN; MICHELLE SKROCH, RN;
MINDI JOHNSON, CMA; BRIONY BOHN,
LPN; CASSANDRA JAMES, RN; and KAYLA
HERTENSTEIN, RN,

Defendants.

## CASE MANAGEMENT ORDER

The above matters, *Spencer v. Brott et al.*, 17-cv-5035 ("*Spencer I*"), and *Spencer v. Brott et al.*, 17-cv-5220 ("*Spencer II*"), were recently consolidated. (*See* ECF No. 32 in No. 17-cv-5035; ECF No. 16 in No. 17-cv-5220.) Several items must be addressed so that this litigation can now move forward, including: (1) Plaintiff's application to proceed *in forma pauperis* ("IFP") in *Spencer I*; (2) completion of service for both cases, including Plaintiff's obligation to provide completed Marshal Service Forms; (3) a motion for extension of time; and (4) motions for continuances and to appoint counsel.

2

## I. IFP APPLICATION & SERVICE

Plaintiff filed IFP applications in *Spencer I* and *Spencer II*. (ECF No. 2 in No. 17-cv-5035; ECF No. 2 in No. 17-cv-5220.) In *Spencer II*, Magistrate Judge Katherine Menendez granted Plaintiff's IFP application and determined that Plaintiff should be required to pay only one filing fee between the two cases, reasoning that Plaintiff likely intended his Complaint in *Spencer II* to have been an amended pleading in *Spencer I*. (ECF No. 3 in 17-cv-5220.) *Spencer I* and *Spencer II* have now been consolidated. The Court will likewise grant Plaintiff's IFP application in *Spencer I*. In doing so, the Court notes that, as of April 9, 2018, Plaintiff has paid the single $350 filing fee in full for these matters. (*See* ECF Nos. 5-7, 9, 11, 18 in No. 17-cv-5035.)

Because Plaintiff has been granted IFP status, Plaintiff is entitled to have all Defendants in these consolidated cases served by the United States Marshal. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Marshal service cannot be accomplished, however, until Plaintiff has submitted the documentation necessary for service of process. **Plaintiff must, therefore, timely submit a properly completed Marshal Service Form (Form USM-285) for each Defendant.** *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (noting that it is the pro se plaintiff's responsibility to provide proper addresses for service on [the defendants]"). **The Court will give Plaintiff 45 days from the date of this Order to complete and return the Marshal Service Forms.**[1] **It is Plaintiff's responsibility to complete and return Marshal Service Forms for *all* of the Defendants named in his Complaints in both *Spencer I* and *Spencer II*.**[2] If Plaintiff

---

[1] Plaintiff will be provided with 50 Marshal Service Forms. This includes several extra forms in case Plaintiff makes errors while he is completing these forms.
[2] The Court notes that in *Spencer II*, the Clerk's Office mailed out blank Marshal Service Forms to Plaintiff twice, yet none were ever returned. The first set was sent on March 22, 2018. (ECF No. 4 in No. 17-cv-5220.) The second set was sent on July 18, 2018 following Plaintiff's notice of change of address and request for replacement forms. (*See* ECF No. 10 in No. 17-cv-5220.)

fails to comply with this deadline, it will be recommended that these cases be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

## II. PENDING MOTIONS

### A. Motion for Extension of Time

On July 6, 2018, Plaintiff filed a motion requesting an extension of time in *Spencer II*. (ECF No. 6 in No. 17-cv-5220.) In his motion, Plaintiff stated: "I am making a request for additional time to re-order all disciplinary reports from Sherburne County Jail, and medical records." (ECF No. 6 in No. 17-cv-5220.) This motion is denied without prejudice. Plaintiff does not appear to be seeking relief from any deadline established by the Federal Rules of Civil Procedure. Nor does his request appear to be directly tied to any deadline set by the Court.

### B. Motions for Continuances and to Appoint Counsel

Plaintiff has also filed several motions in these consolidated cases for continuances and to appoint counsel. (ECF No. 31 in 17-cv-5035; ECF Nos. 7, 15 in No. 17-cv-5220.) These motions are also denied without prejudice.

First, to the extent Plaintiff's motions seek additional time, such requests are moot in light of the Court's ruling above that Plaintiff has 45 days from the date of this Order to complete and return Marshal Service Forms for all of the Defendants named in his Complaints in both *Spencer I* and *Spencer II*.

Second, as the Court previously explained in an Order dated August 30, 2018, in *Spencer I*, "'[i]n civil cases, there is no constitutional or statutory right to appointed counsel.'" (ECF No. 28 at 2 in No. 17-cv-5035 (quoting *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013)).) In deciding whether appointment of counsel is warranted, courts consider the factual and legal complexity of the case, the plaintiff's ability to investigate facts, whether the proceeding involves conflicting

testimony, and the plaintiff's ability to present his claims. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

For the same reasons previously articulated in the Court's August 30, 2018 Order in *Spencer I*, Plaintiff's renewed requests for appointment of counsel are likewise denied. Again, Plaintiff is able to articulate his positions to the Court and has filed several motions requesting relief throughout the life of these cases; the factual and legal issues in these cases are not uniquely complex; and Plaintiff has demonstrated no specific impediment to representing his own interests. *See Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam); *Ward*, 721 F.3d at 942; *Phillips*, 437 F.3d at 794. Moreover, the Court previously directed the Clerk of Court to provide Plaintiff with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Plaintiff who are representing themselves. (ECF No. 23 in 17-cv-5035.)

The Court appreciates that Plaintiff's incarceration and lack of a formal legal education present certain challenges to self-representation. In *Patterson v. Kelley*, 902 F.3d 845 (8th Cir. 2018), the Eighth Circuit Court of Appeals recently considered whether the district court abused its discretion in denying a prisoner's request for appointment of counsel in a § 1983 action against state prison officials. On appeal, the prisoner argued that counsel should have been appointed because: (1) "as an inmate, he was unable to interview witnesses and secure relevant information"; (2) "his inartfully worded interrogatories allowed defendants to give evasive answers"; and (3) "'this [wa]s complex litigation' requiring the assistance of counsel because the case involve[d] administrative regulations and government funding issues." *Patterson*, 902 F.3d at 850.

The Eighth Circuit held that "[n]one of these grounds are sufficient to show an abuse of discretion" by the district court. *Id.* The Eighth Circuit also observed that, "given that most indigent prisoners will face similar challenges in bringing § 1983 claims, a finding that the district

5

court abused its discretion on these bases would be tantamount to recognizing a right to appointed counsel for indigent prisoners in such cases. This we refuse to do." *Id.* The same reasoning is applicable here.

### III. FAILURE TO COMPLY

Both *Spencer I* and *Spencer II* are open and remain pending with the Court. *Spencer I* and *Spencer II* were consolidated for all purposes, including pretrial and trial proceedings, but they did not merge into a single action. *See Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." (quotation omitted)).

As stated above, the Court has ordered that service proceed in both *Spencer I* and *Spencer II* following Plaintiff's timely submission of properly completed Marshal Service Forms. The Court emphasizes that Plaintiff must comply with all Court-imposed deadlines to ensure that these cases move forward. Though these consolidated cases were filed over a year ago, little has been accomplished to bring them closer to a resolution on the merits. Plaintiff has a history of failing to adhere to deadlines established by the Court and not communicating with the Court for extended periods of time. Notwithstanding his pro se status and present incarceration, Plaintiff is subject to deadlines just like any other litigant. If Plaintiff wants to have his claims adjudicated on the merits, Plaintiff is strongly cautioned to comply with Court-imposed deadlines going forward. Failure to do so will result in the Court's recommendation that these consolidated actions be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP application in *Spencer I* (ECF No. 2 in No. 17-cv-5035) is **GRANTED**.

2. Plaintiff's motion for extension of time in *Spencer II* (ECF No. 6 in No. 17-cv-5220) is **DENIED WITHOUT PREJUDICE**.

3. Plaintiff's motions for continuances and to appoint counsel in *Spencer I* (ECF No. 31 in 17-cv-5035) and *Spencer II* (ECF Nos. 7, 15 in No. 17-cv-5220) are **DENIED WITHOUT PREJUDICE**.

4. **Within 45 days from the date of this Order, Plaintiff must submit a properly completed Marshal Service Form (USM-285) for each Defendant in *Spencer I* and *Spencer II*. If Plaintiff fails to comply with this deadline, it will be recommended that these consolidated actions be dismissed without prejudice for failure to prosecute. 50 Marshal Service Forms will be provided to Plaintiff by the Court.**

5. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from each of the Defendants in *Spencer I* and *Spencer II* in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure. **A copy of this Order shall be included along with Plaintiff's Complaints in *Spencer I* and *Spencer II*, and the Order consolidating these matters.**

6. If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

[Continued on next page.]

7. The U.S. Marshals Service is directed to effect service of process on the Defendants in *Spencer I* and *Spencer II* in their official capacities as officers or employees of Sherburne County, Minnesota consistent with Rule 4(j) of the Federal Rules of Civil Procedure. **A copy of this Order shall be included along with Plaintiff's Complaints in *Spencer I* and *Spencer II*, and the Order consolidating these matters.**

Date: February  21 , 2019

　　　　　　　　　　　　　　　　　　　*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Spencer v. Brott et al.*
Case No. 17-cv-5035 (DSD/TNL)

*Spencer v. Brott et al.*
Case No. 17-cv-5220 (DSD/TNL)