UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARVIN SPENCER,     Case No. 17-cv-5035 (DSD/TNL)

    Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD LEONARD, Physician; MICHELL SKROCH, BSIU/CCHD Nursing Dir.; GWEN BLOSSOM ENGLAND, CNP, RN; DR. DIANA VANDERBEEK, Assistant Physician; CAPT. TOM ZERWAS; SGT. TRAVIS LINDSTROM; SGT. BRAD BOHN, Badge #3419; C/O JIM ROURKE, Badge #3341; C/O ANNE HERBST, Badge #3473; C/O JOHNNIE GILBERT; C/O LISA SHORE, Badge #2163; C/O JOSHUA JESBERG, Badge #3304; C/O CATHERINE KOCH, Badge #2145; C/O OLUWASEUN JIBOWU, Badge #3397; C/O DENISE COOK; C/O TAMMY BOROS; C/O NICHOLAS SIMON, Badge #3384; C/O LOGAN BARRETT, Badge #3305; C/O YVONNE ADAMS, Badge #1757; C/O AMY KAHLER, Badge #1901; C/O DAN WORBER, Badge #3360; C/O LAURA HOLMQUIST, Badge #1719; and C/O LORI BENNETT, Badge #1409,

    Defendants.

MARVIN SPENCER,     Case No. 17-cv-5220 (DSD/TNL)

    Plaintiff,

v.

JOEL L. BROTT, Sheriff; DR. TODD LEONARD, Physician; MICHELL SKROCH, BSIU/CCHD Nursing Dir.; GWEN BLOSSOM ENGLAND, CNP, RN; DR. DIANA VANDERBEEK, Assistant Physician; CAPT. TOM ZERWAS; SGT. ARIC HANSON, Badge

1

#3401; SGT. REBECCA BEAL, Badge #3418; SGT. TRAVIS LINDSTROM, Badge #; SGT. BRAD BOHN, Badge #3419; C/O JIM ROURKE, Badge #3341; C/O ANNE HERBST, Badge #3473; C/O JOHNNIE GILBERT, Badge #; C/O LISA SHORE, Badge #2163; C/O JOSHUA JESBERG, Badge #3304; C/O CATHERINE KOCH, Badge #2145; C/O OLUWASEUN JIBOWU, Badge #3397; C/O DENISE COOK; C/O TAMMY BOROS, Badge #; C/O NICHOLAS SIMON, Badge #3384; C/O LOGAN BARRETT, Badge #3305; C/O YVONNE ADAMS, Badge #1757; C/O AMY KAHLER, Badge #1901; C/O DAN WORBER, Badge #3360; C/O LAURA HOLMQUIST, Badge #1719; C/O LORI BENNETT, Badge #1409; C/O CHRISTOPHER HANSEN, Badge #1074; C/O THERESA KLINGE, Badge #; JENNIE R. THOMPSON, RN; GWENDOLYN BLOSSOM ENGLAND, RN; ALYSSA PFEIFER, RN; MICHELLE SKROCH, RN; MINDI JOHNSON, CMA; BRIONY BOHN, LPN; CASSANDRA JAMES, RN; and KAYLA HERTENSTEIN, RN,

Defendants.

## ORDER

This matter comes before the Court on pro se Plaintiff Marvin Spencer's Motion for Extension, ECF No. 119, filed in *Spencer v. Brott et al.*, No. 17-cv-5035 ("*Spencer I*").[1] Petitioner requests an unspecified amount of time to respond to remaining Defendants Todd Leonard, M.D., Michelle Skroch, and Gwen Blossom England's (collectively, "MEnD Defendants") Motion for Summary Judgment, ECF No. 105 in No. 17-cv-5035; ECF No. 65 in No. 17-cv-5220. Although Plaintiff's motion only refers to *Spencer I*, the Court has construed it as seeking an extension of

---

[1] *Spencer I* and *Spencer v. Brott et al.*, No. 17-cv-5220 ("*Spencer II*"), were consolidated on January 23, 2019. *See* ECF No. 32 in No. 17-cv-5035; ECF No. 16 in No. 17-cv-5220.

2

time in both *Spencer I* and *Spencer II*. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Plaintiff states that he does not currently have access to his legal materials because he is "in the SHU under investigation." ECF No. 119 at 1 in No. 17-cv-5035. In support of his motion, Plaintiff has attached a letter from the unit manager, which confirms that Plaintiff has "been housed in Administrative Detention with little to no access to his legal documents/records" since September 27, 2020. ECF No. 120 at 1 in No. 17-cv-5035.

In a Case Management Order dated September 14, 2020, the Court set forth a briefing schedule on the MEnD Defendants' summary-judgment motion. *See generally* ECF No. 118 in No. 17-cv-5035; ECF No. 78 in No. 17-cv-5220. The Case Management Order was issued just under two weeks before Plaintiff was placed in the SHU/Administrative Detention. Yet, Plaintiff's motion comes more than one month after the October 7, 2020 deadline to respond to the MEnD Defendants' motion set forth in the Case Management Order. The Court has repeatedly cautioned Plaintiff of the need to be mindful of deadlines. *See, e.g.*, Feb. 21, 2019 Order at 6 (noting Plaintiff's "history of failing to adhere to deadlines established by the Court and not communicating with the Court for extended periods of time"), ECF No. 36 in No. 17-cv-5035; ECF No. 17 in No. 17-cv-5220; Mar. 29, 2019 Order at 3 (granting Plaintiff extension of time due to "serious medial treatment" while cautioning "future extension requests may not be granted"), ECF No. 43 in No. 17-cv-5035; ECF No. 23 in No. 17-cv-5220; *see also, e.g.*, May 13, 2020 Order at 5-6 (granting Plaintiff's letter request to extend deadlines in pretrial scheduling order due to COVID-19 lockdown in facility where Plaintiff is confined), ECF No. 102 in No. 17-cv-5035; ECF No. 62 in No. 17-cv-5220.

At the same time, the MEnD Defendants have not objected to the requested extension. *See* Am. Pretrial Scheduling Order ¶ 3 (requiring responses to nondispositive motions to be filed and

served within 10 days), ECF No. 103 in No. 17-cv-5035; ECF No. 63 in No. 17-cv-5220.

The reason(s) for Plaintiff's placement in the SHU/Administrative Detention are not entirely clear from the record. Based on the limited information before the Court, it would not be unreasonable to assume that it was Plaintiff's own actions that led to his placement. Nevertheless, in light of Plaintiff's compliance with the Court's directive to provide contemporaneous supporting documentation in connection with any future extension request, Apr. 10, 2019 Order at 4, ECF No. 45 in No. 17-cv-5035; ECF No. 24 in No. 17-cv-5220, and in the absence of any objection by the MEnD Defendants, the Court will grant Plaintiff's motion as follows:

1. **Plaintiff's response is due on or before January 15, 2021.**

2. **In the event no response is filed, the MEnD Defendants' motion will be deemed under advisement as of January 15, 2021.**

3. **In the event a response is filed, the MEnD Defendants' reply is due on or before February 1, 2021.**

4. The Court will then issue its report and recommendation based on the papers, without a hearing. *See* D. Minn. LR 7.1(c).

Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings;

[Continued on next page.]

complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Date: November____18_____, 2020        _____*s/ Tony N. Leung*_____
                                                                                            Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Spencer v. Brott et al.*
Case No. 17-cv-5035 (DSD/TNL)

*Spencer v. Brott et al.*
Case No. 17-cv-5220 (DSD/TNL)